**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTOPHER G. BAYLOR,**

   **Plaintiff,**

**v.**              **Case No:   6:19-cv-1492-Orl-41GJK**

**MICHAEL K. BROWNE,**

   **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **August 13, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, the complaint be dismissed with prejudice, and the case be closed**.

On August 13, 2019, Plaintiff filed a complaint (the "Complaint") against Michael K. Browne. Doc. No. 1. The Complaint seeks damages against Defendant due to Defendant's rulings in Plaintiff's Minnesota family law case. *Id.* at 5. Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion"). Doc. No. 2.

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07 (a).

proceedings *in forma pauperis.* Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A)   the allegation of poverty is untrue; or
>     (B)   the action or appeal --
>         (i)   is frivolous or malicious;
>         (ii)  fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (2010) (formerly § 1915(d)).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a

constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight or "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).[2] The trial court must determine whether there is a factual and legal basis of constitutional or statutory dimension for the asserted wrong. *Clark*, 915 F.2d at 639. Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]" *Id*. at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28). Accordingly, where a district court determines from the face of the complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has little or no chance of success and dismiss the complaint before service has been perfected. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). Critical to the Court's analysis is whether the claims asserted are within the limited jurisdiction of the federal courts. *See generally Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

Plaintiff fails to allege how the Court has personal jurisdiction over Defendant. Plaintiff alleges that Defendant is a resident of Minnesota and that Defendant's acts Plaintiff complains of occurred in a Minnesota state court proceeding. Doc. No. 1 at 2, 5.

Plaintiff is requesting federal district court review of Defendant's actions in entering orders

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of § 1915(e)(2).

in the Minnesota state court. Doc. No. 1 at 5. The Complaint is due to be dismissed pursuant to the *Rooker-Feldman* and the *Younger* abstention doctrines. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983); *Younger v. Harris*, 401 U.S. 37, 43 (1971). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, Case No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2 (M.D. Fla. Apr. 15, 2011). Similarly, if Plaintiff is seeking review of the orders of the state court in a proceeding that remains pending, the *Younger* abstention doctrine forbids this Court from exercising jurisdiction over the claims. *Younger*, 401 U.S. at 43 (The abstention doctrine is premised upon a fundamental "public policy against federal court interference with state court proceedings."). Accordingly, because Plaintiff is seeking review of the orders of a state court proceeding, this Court should not exercise jurisdiction over the claims.

The claims against Defendant should also be dismissed due to judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). "Absolute judicial immunity 'applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011) (unpublished and quoting *Bolin*, 225 F.3d at 1239). In *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005), the Eleventh Circuit explained:

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Id*. "[T]he district court may dismiss a claim based on absolute judicial immunity if it represents

an 'obvious bar' based on the allegations in the complaint." *Williams*, 425 F. App'x at 825. Because Plaintiff's claims arise from Defendant's actions while presiding over the state action and the orders entered therein, Defendant is entitled to absolute judicial immunity.

The sole basis of the Complaint is review of the orders in a state court proceeding by Defendant, the judge. As discussed above, such an action is frivolous due to the *Rooker-Feldman* and *Younger* abstention doctrines and judicial immunity. Accordingly, the Complaint should be dismissed with prejudice.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);
2. **DISMISS** the Complaint (Doc. No. 1) with prejudice; and
3. Direct the Clerk to **CLOSE** the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 19, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy